IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PEMEX EXPLORACIÓN Y PRODUCCIÓN, § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> BASF CORPORATION; BASF FINA § <br> PETROCHEMICALS LIMITED § <br> PARTNERSHIP; MURPHY ENERGY § <br> CORPORATION; BIO-NU SOUTHWEST, § <br> INC. d/b/a VALLEY FUELS; US § <br> PETROLEUM DEPOT, INC.; ARNOLDO § <br> MALDONADO; JONATHAN DAPPEN; § <br> STEPHEN PECHENIK; TIMOTHY L. § <br> BRINK; CONTINENTAL FUELS, INC.; § <br> and HIGH SIERRA CRUDE OIL & § <br> MARKETING, LLC, Successor to § <br> PETRO SOURCE PARTNERS, LP, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-10-1997 |
| PEMEX EXPLORACIÓN Y PRODUCCIÓN, § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> BIG STAR GATHERING LTD L.L.P.; § <br> F&M TRANSPORTATION, INC.; § <br> JAMES JENSEN; JOPLIN ENERGY, § <br> LLC f/k/a HUTCHISON HAYES § <br> ENERGY, LLC; JEFF KIRBY; § <br> PLAINS ALL-AMERICAN PIPELINE, § <br> L.P.; SAINT JAMES OIL, INC.; § <br> SUPERIOR CRUDE GATHERING, INC.; § <br> TRANSMONTAIGNE PARTNERS, L.P.; § <br> and WESTERN REFINING COMPANY, § <br> L.P., § <br> § <br> Defendants. § | CIVIL ACTION NO. H-11-2019 |

**MEMORANDUM OPINION AND ORDER**

On May 2, 2014, defendants BASF Corporation ("BASF"), BASF

FINA Petrochemicals Limited Partnership ("BFLP"), filed Defendants

BASF Corporation and BASF FINA Petrochemicals Limited Partnership's

Motion to Dismiss the Three Remaining Transactions ("BASF's and BFLP's Motion to Dismiss;" Docket Entry No. 667); and on May 6, 2014, BASF and BFLP filed BASF's and BFLP's Supplemental Motion to Dismiss Remaining Transactions ("BASF's and BFLP's Supplemental Motion to Dismiss;" Docket Entry No. 681). On May 8, 2014, plaintiff, Pemex Exploración y Producción ("PEP") filed PEP's Response to BASF's Motion and Supplemental Motion to Dismiss and/or Motion for Summary Judgment and Request for Ruling on Pretrial Issues Related to Proportionate Responsibility ("PEP's Response" and "PEP's Request for Ruling;" Docket Entry No. 697).

## I.  BASF's and BFLP's Motions to Dismiss

### A.  Standard of Review

BASF and BFLP have not identified the procedural basis on which they seek dismissal of claims arising from the three transactions in which BASF and BFLP are alleged to have purchased condensate stolen from PEP in Mexico. Nevertheless, because BASF and BFLP have attached to their motions matters outside the pleadings, and because PEP has not objected to the court's consideration of those matters, for the reasons stated in § I of the Memorandum Opinion and Order entered on May 7, 2014 (Docket Entry No. 689), the pending motion to dismiss and supplemental motion to dismiss are converted to motions for summary judgment.

## B. <u>Analysis</u>

BASF and BFLP argue that the claims asserted against them arising from three transactions that PEP alleges occurred in August of 2008, December of 2008, and February of 2009 are not cognizable either because BASF and BFLP were not involved in those transactions, or because undisputed evidence establishes that the product traded in these transactions was a commingled product that included some condensate allegedly stolen from PEP and some condensate or other hydrocarbon that was not stolen from PEP, and that PEP has failed to cite any evidence capable of satisfying "the tracing requirements [for establishing conversion] previously articulated by this Court."[1] Without disputing any of BASF's or BFLP's arguments or evidence, PEP responds: "PEP has already presented the evidence it has in support of these transactions at dispositive-motion briefing."[2]

### 1. <u>August 2008 Transaction</u>

PEP's Third Amended Complaint alleges that in August 2008 BASF purchased from Trammo Petroleum Corp. ("Trammo") 4,932 barrels of stolen condensate at $112 per barrel for a total price of $554,279.00. PEP also alleges that Trammo acquired the stolen

---

[1]BASF's and BFLP's Motion to Dismiss, Docket Entry No. 667, p. 2 (referencing Memorandum Opinion and Order, Docket Entry No. 607, pp. 44-54, 102-08, and Memorandum Opinion and Order, Docket Entry No. 636, pp. 14-18).

[2]PEP's Response, Docket Entry No. 697, p. 2.

condensate sold to BASF in this transaction from Continental Sales.³ Without opposition or objection from PEP, BASF and BFLP assert that the product transacted in August 2008 "undisputedly did not go to BASF/BFLP."⁴ BASF and BFLP explain that

> PEP neither listed the transaction in its final interrogatory answers nor was it identified by PEP's experts. (Ex. 1, PEP's First Supp. Interrog. Resps. at 3 & Ex. A, T-PEP006778 (not listing the August 2008 transaction and showing that High Sierra purchased 4,932 barrels of condensate from trammo in August 2008); see also Ex. 2, PEP's Expert Report Exhibit H (showing that the hydrocarbons were sold to High Sierra); Ex. 3, Pl's. Trial Ex. 47 at T-PEP000644 (same).)⁵

Because PEP has failed to cite any evidence in its Response, Docket Entry No. 697, or in its prior summary judgment briefing from which a reasonable juror could conclude that the 4,932 barrels of condensate transacted in August 2008 was sold to BASF or BFLP, BASF and BFLP are entitled to summary judgment on claims arising from this August 2008 transaction.

   2.   December 2008 and February 2009 Transactions

PEP's Third Amended Complaint alleges that in December 2008 BASF purchased from Trammo 24,021 barrels of stolen condensate at $47 per barrel for a total price of $1,118,671.00. PEP's Third

---

   ³PEP's Third Amended Complaint, Docket Entry No. 220, ¶ 63. See also Joint Pretrial Order, Docket Entry No. 635, p. 17 ("2. Whether BFLP purchased 4,932 barrels of stolen PEP condensate in August of 2008.").

   ⁴BASF's and BFLP's Motion to Dismiss, Docket Entry No. 667, p. 1.

   ⁵Id. at 1-2 (citing exhibits attached thereto).

-4-

Amended Complaint also alleges that in February 2009 BASF purchased from Trammo 16,813 barrels of stolen condensate at $44 per barrel for a total price of $737,976.00. PEP alleges that Trammo acquired the product sold to BASF in these two transactions from Petro Source.[6] Without opposition or objection from PEP, BASF and BFLP assert that

> [t]he[se] other two transactions, per undisputed documents, went through High Sierra. (Ex. 4, Excerpts from Pl's. Trial Exs. 48, 51.) Because High Sierra blended all of the crude, naphtha, and condensate it received from various sources, these two transactions are not viable based on the tracing requirements previously articulated by this Court. (Dkt. No. 607, Memo. Op. & Order at 51; Dkt. No. 636, Memo. Op. & Order at 18.).[7]

In its September 30, 2013, Memorandum Opinion and Order the court explained that

> plaintiffs in a conversion action must trace the property actually converted to the defendant, and may not hold defendants liable based on the confusion of goods principle, unless (1) the defendants themselves wrongfully commingled the goods, or (2) the defendants acquired the commingled goods with notice that the

---

[6] PEP's Third Amended Complaint, Docket Entry No. 220, ¶ 63. See also Joint Pretrial Order, Docket Entry No. 635, p. 17 ("3. Whether BFLP purchased 24,021 barrels of stolen PEP condensate in December of 2008. 4. Whether BFLP purchased 16,038 barrels of stolen PEP condensate in February of 2009."). BASF and BFLP state in their pending motions that Trammo acquired the product traded in these two transactions from High Sierra. In ¶ 19 of PEP's Third Amended Complaint, Docket Entry No. 220, PEP asserts that "High Sierra Crude Oil & Marketing, LLC [was the] successor to Petro Source Partners, LP ('Petro Source')."

[7] BASF's and BFLP's Motion to Dismiss, Docket Entry No. 667, p. 2.

sellers from whom they purchased did not own all of the goods.[8]

Therefore, in order to hold BASF or BFLP liable for conversion, PEP must trace condensate that was actually stolen from it in Mexico to BASF or BFLP. PEP must also present evidence from which the jury could form a reasonably certain estimate of the amount of stolen condensate, if any, that BASF or BFLP purchased. See Ortiz Oil Co. v. Lutes, 141 S.W.2d 1050, 1055 (Tex. Civ. App. – Texarkana 1940, writ dism'd by agr.). As evidence that High Sierra blended all of the hydrocarbons that it received from various sources, BASF and BFLP cite the following excerpts from the deposition testimony of High Sierra's designated representative, David Kehoe:

> Q.  As I understand it, High Sierra is an aggregator of hydrocarbons. They take hydrocarbons from various sources, blend them together, and then resell them. Is that an accurate description?
>
> A.  Yes.
>
> Q.  All right. And if I understood your testimony earlier, High Sierra began operating or took over operation of the Rio Hondo facility in 2006?
>
> A.  Yes.
>
> Q.  Okay. And since that point in time, has that always been the case that High Sierra blended products at the Rio Hondo facility in tanks and then sold them?
> A.  Yes.
>
> Q.  All right. And so, from the beginning did Rio Hondo -- the -- Rio Hondo facility have domestic con--

---

[8]Docket Entry No. 607, pp. 51-52 (citing Kenyon v. Bender, 174 S.W.2d 110, 112 (Tex. Civ. App. – Beaumont 1943, writ ref'd w.o.m.).

> condensates, condensates from various sources, crude oil from various sources?
>
> A. Yes.
>
> Q. And did you mix those hydrocarbons, crude oils and condensates together in -- in -- tanks together?
>
> A. Yes. Sometimes two kinds of condensates, sometimes all three, yes.
>
> Q. All right. And so, if you, then sold hydrocarbons from Rio Hondo facility to a buyer, you don't have the ability to know what percent of what source of hydrocarbon is contained in that sale. Is that correct?
>
> A. That's correct.[9]

In order to hold BASF or BFLP liable for conversion PEP must present evidence capable of establishing that BASF or BFLP purchased a reasonably certain amount of stolen condensate.[10] PEP has failed to cite any evidence either in its Response, Docket Entry No. 697, or in its prior summary judgment briefing, from which a reasonable juror could conclude that the barrels of condensate transacted in December 2008 and February 2009 were stolen Mexican condensate.[11] Since, moreover, PEP has failed to submit any evidence contradicting BASF's and BFLP's evidence that the product that condensate transacted in December 2008 and

---

[9] Exhibit 5 to BASF's and BFLP's Motion to Dismiss, Docket Entry No. 668, pp. 257:7 - 258:8.

[10] See Kenyon, 174 S.W.2d at 112. See also Memorandum Opinion and Order, Docket Entry No. 607, pp. 44-54, 102-08, and Memorandum Opinion and Order, Docket Entry No. 636, pp. 14-18.

[11] See BASF's and BFLP's Supplemental Motion to Dismiss, Docket Entry No. 681, pp. 1-2 (citing Memorandum Opinion and Order, Docket Entry No. 607, pp. 102-08).

February 2009 was a blended product that included both Mexican and domestic condensate, BASF and BFLP cannot be held liable for conversion absent evidence capable of establishing that BASF or BFLP either wrongfully commingled stolen condensate with nonstolen condensate or acquired the commingled condensate with notice that the sellers from whom they purchased the condensate did not own all of the condensate. Because PEP's Third Amended Complaint expressly states that BASF and BFLP purchased allegedly stolen condensate "without knowing it was stolen,"[12] and also states that "PEP does not allege that BASF acted with intent or knowledge or that it was a part of any conspiracy,"[13] BASF and BFLP cannot be held liable for conversion based on purchase of the commingled product transacted in December 2008 and February 2009. Accordingly, the court concludes that BASF and BFLP are entitled to summary judgment on claims arising from the transactions alleged to have occurred in December 2008 and February 2009.

## II. PEP's Request for Ruling on Pretrial Issues Related to Proportionate Responsibility

Asserting that the comparative-responsibility provisions in Chapter 33 of the Texas Civil Practices and Remedies Code did not create new defenses or impose new duties, PEP argues that the

---

[12] PEP's Third Amended Complaint, Docket Entry No. 220, ¶ 60.

[13] Id. at ¶ 61. See also id. at ¶ 78 ("PEP does not allege that Defendant BASF knew that the condensate in question was stolen.").

submission of PEP's responsibility to the jury is improper because under Texas law, a property owner's negligence has never been a defense to conversion.[14] Traditionally, negligence by a plaintiff has not been recognized as an affirmative defense to a defendant's liability for conversion. See Southwest Bank v. Information Support Concepts, Inc., 149 S.W.3d 104, 108 n. 9 (Tex. 2004) (recognizing that articles 3 and 4 of the Uniform Commercial Code have been amended to permit some such defenses by banks). Here, however, defendants have not cited any authority that would allow them to assert the defense of contributory negligence under the facts of this case. See DoAll Dallas Co. v. Trinity National Bank of Dallas, 498 S.W.2d 396, 402 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.) (citing Ligon v. E.F. Hutton & Co., 428 S.W.2d 434, 438 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.) (for the principle of Texas law that Contributory negligence is not a defense to liability for conversion). See also Sandford v. Wilson, 2 Willson 188, 1884 WL 8120, *1 (Tex. 1884) (a party who purchases and then sells stolen property is subject to a cause of action for conversion).

At the hearing held on April 29, 2014, the court informed the parties that the jury charge should submit the defendants' liability on a transaction-by-transaction basis. Any submission

---

[14]PEP's Request for Pretrial Ruling, Docket Entry No. 697, p. 3.

regarding proportionate responsibility of other parties must also be submitted on a transaction-by-transaction basis. See Tex. Civ. Prac. & Rem. Code § 33.003 (explaining that the submission of responsibility must relate to the harm for which recovery is sought and that any such submission must be supported by sufficient evidence).

### III. Conclusions and Order

For the reasons stated above, Defendants BASF Corporation and BASF FINA Petrochemicals Limited Partnership's Motion to Dismiss the Three Remaining Transactions, Docket Entry No. 667, is **GRANTED**, and BASF's and BFLP's Supplemental Motion to Dismiss Remaining Transactions, Docket Entry No. 681, is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 8th day of May, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE