United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEMEX EXPLORACIÓN Y PRODUCCIÓN, § § Plaintiff, § § v. § § BASF CORPORATION; BASF FINA § PETROCHEMICALS LIMITED § PARTNERSHIP; MURPHY ENERGY § CORPORATION; BIO-NU SOUTHWEST, § INC. d/b/a VALLEY FUELS; US § PETROLEUM DEPOT, INC.; ARNOLDO § MALDONADO; JONATHAN DAPPEN; § STEPHEN PECHENIK; TIMOTHY L. § BRINK; CONTINENTAL FUELS, INC.; § and HIGH SIERRA CRUDE OIL & § MARKETING, LLC, Successor to § PETRO SOURCE PARTNERS, LP, § § Defendants. § | | CIVIL ACTION NO. H-10-1997 |
| PEMEX EXPLORACIÓN Y PRODUCCIÓN, § § Plaintiff, § § v. § § BIG STAR GATHERING LTD L.L.P.; § F&M TRANSPORTATION, INC.; § JAMES JENSEN; JOPLIN ENERGY, § LLC f/k/a HUTCHISON HAYES § ENERGY, LLC; JEFF KIRBY; § PLAINS ALL-AMERICAN PIPELINE, § L.P.; SAINT JAMES OIL, INC.; § SUPERIOR CRUDE GATHERING, INC.; § TRANSMONTAIGNE PARTNERS, L.P.; § and WESTERN REFINING COMPANY, § L.P., § § Defendants. § | | CIVIL ACTION NO. H-11-2019 |

### MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Joint Application to Hold Plaintiff in Civil Contempt of Court (Docket Entry No. 787). For the reasons stated below, the motion will be denied.

I.  **Factual and Procedural Background**

Plaintiff, Pemex Exploración y Producción ("PEP"), initially filed suit on June 7, 2010, alleging various claims based on the laws of Mexico and Texas against eleven defendants including <u>inter alia</u> BASF Corp. (the "BASF Action").[1] On May 29, 2011, PEP filed a second suit against eleven additional defendants including <u>inter alia</u> Big Star Gathering, Ltd. L.L.P., F&M Transportation, Inc. ("F&M Transportation"), Jeff Kirby ("Kirby"), and Superior Crude Gathering, Inc. ("Superior Crude") (the "Big Star Action").[2] On October 4, 2011, the court entered a Memorandum Opinion and Order consolidating the BASF and Big Star Actions (Docket Entry No. 287, p. 13). On April 20, 2012, PEP filed its First Amended Complaint in the Big Star Action, which added two more defendants, one of which was RGV Energy Partners, LLC ("RGV Energy").[3]

PEP's complaints asserted claims against the four defendants who have filed the pending application to hold PEP in civil contempt — Superior Crude and Kirby ("the Superior Defendants") and RGV Energy and F&M Transportation — for violation of the Texas

---

[1]<u>See</u> Plaintiff PEP's Original Complaint ("Original Complaint"), Docket Entry No. 1 in Civil Action No. H-10-1997. <u>See also</u> Plaintiff PEP's Amended Complaint ("Amended Complaint"), Docket Entry No. 59; and Plaintiff PEP's Second Amended Complaint ("Second Amended Complaint"), Docket Entry No. 108. Unless otherwise stated, all docket entry references are to Civil Action No. H-10-1997.

[2]PEP's Original Complaint ("Original Complaint"), Docket Entry No. 1 in Civil Action No. H-11-2019.

[3]Amended Complaint, Docket Entry No. 59; and Second Amended Complaint, Docket Entry No. 108 in Civil Action No. H-11-2019.

Theft Liability Act ("TTLA"), Tex. Civ. Prac. & Rem. Code §§ 134.001-.005, conversion, civil conspiracy, and various forms of equitable relief.[4] These defendants filed answers asserting that PEP's claims were barred in whole or in part by the statute of limitations, and all sought attorneys' fees.[5] The four defendants seeking to hold PEP in civil contempt all filed motions for summary judgment,[6] which the court granted on September 30, 2013.[7] After

---

[4] See Memorandum Opinion and Order, Docket Entry No. 607, pp. 111-16 (RGV Energy and F&M Transportation), and pp. 144-51 (the Superior Defendants).

[5] See Superior Crude's Answer to PEP's Original Complaint, Docket Entry No. 42 in Civil Action 11-2019, p. 20 ¶ 149 ("Sixth Defense. Some or all of the claims in this lawsuit are barred by the statute of limitations or laches"), and p. 22, ¶ 2 ("[t]hat Superior be awarded his costs and disbursements herein, and reasonable attorney's fees"); Defendant Kirby's Answer to PEP's Original Complaint, Docket Entry No. 43 in Civil Action No. H-11-2019, p. 20 ¶ 149 ("Sixth Defense. Some or all of the claims in this lawsuit are barred by the statute of limitations or laches."), and p. 22 ¶ 2 ("That Superior be awarded its costs and disbursements herein, and reasonable attorneys' fees"); Defendant F&M Transportation's Original Answer, Docket Entry No. 44 in Civil Action No. H-11-2019, p. 19 ¶ 2 ("F&M is entitled to its court costs and reasonable and necessary attorneys' fees in defending a claim under the Texas Theft Liability Act. Tex. Civ. Prac. & Rem. Code § 134.005(b).") and ¶ 8 ("PEP's claims are barred in whole or in part by the statute of limitations."); Defendant RGV Energy's Original Answer to Plaintiff's First Amended Complaint, Docket Entry No. 441, p. 20, ¶ 2 ("RGV is entitled to its court costs and reasonable and necessary attorneys' fees in defending a claim under the Texas Theft Liability Act. Tex. Civ. Prac. & Rem. Code § 134.005(b)."), and ¶ 8 ("PEP's claims are barred in whole or in part by the statute of limitations.").

[6] Defendants Superior Crude and Kirby's Motion for Summary Judgment, Docket Entry No. 486; Defendants RGV Energy and F&M Transportation's Motion for Summary Judgment, Docket Entry No. 517.

[7] Memorandum Opinion and Order, Docket Entry No. 607, pp. 144-51 (the Superior Defendants); pp. 111-16 (RGV Energy and F&M Transportation).

disposing of all claims of all parties, the court entered Final Judgment on June 2, 2014 (Docket Entry No. 742).

Federal Rule of Civil Procedure 54(d)(2)(B) requires motions for recovery of attorneys' fees and related expenses to be filed no later than fourteen days after entry of judgment unless a statute or court order provides otherwise. On June 16, 2014, RGV and F&M Transportation and Superior Crude and Kirby filed original motions for recovery of attorneys' fees and related expenses.[8] On July 9, 2014, the court entered an order denying without prejudice the original motions for recovery of attorneys' fees and related expenses explaining that since PEP

> has filed a Notice of Appeal that includes the court's rulings on plaintiff's claims against RGV Energy Partners, LLC, F&M Transportation, Inc., Superior Crude Gathering, Inc., and Jeff Kirby, the court concludes that it would be a better use of judicial resources to defer a ruling on defendants' motions until after the Fifth Circuit has ruled.[9]

The Order also stated that "[i]f the United States Court of Appeals for the Fifth Circuit affirms the court's Final Judgment, defendants may file amended motions for attorney's fees within thirty (30) days from the issuance of the mandate."[10]

On March 5, 2015, the Fifth Circuit affirmed this court's Final Judgment. See Pemex Exploración y Producción v.

---

[8]Defendants RGV Energy and F&M Transportation's Motion for Attorneys' Fees, Docket Entry No. 746; Defendants Superior Crude and Kirby's Motion for Attorney's Fees, Docket Entry No. 749.

[9]Order, Docket Entry No. 759, p. 1.

[10]Id. at 1-2.

ConocoPhillips, et al., 595 F. App'x 445 (5th Cir. 2015) (per curiam). On March 19, 2015, PEP filed a Petition for Rehearing En Banc, and the Fifth Circuit cancelled the mandate pull date. On May 12, 2015, the Fifth Circuit denied PEP's Petition for Rehearing En Banc, and on May 20, 2015, the Fifth Circuit issued its mandate affirming this court's Final Judgment (Docket Entry No. 772).

Defendants then filed timely amended motions for attorneys' fees. Asserting that they were granted summary judgment on September 30, 2013 (Docket Entry No. 607), which was made final on June 2, 2014 (Docket Entry No. 742), the Superior Defendants sought to recover $701,068.25 for reasonable and necessary attorneys' fees,[11] while RGV Energy and F&M Transportation sought to recover $129,334.00 for reasonable and necessary attorneys' fees, and $7,452.35 for expenses for a total of $136,786.35.[12] Defendants urged the court to grant their motions because the TTLA mandates the award of attorneys' fees to prevailing parties. PEP opposed the motions for attorneys' fees, arguing that the defendants were not prevailing parties under the TTLA and had not adequately segregated their fees.[13] On December 31, 2015, the court entered

---

[11]Superior Defendants' Amended Motion for Attorney's Fees, Docket Entry No. 773, p. 10.

[12]RGV Energy and F&M Transportation's Amended Motion for Attorneys' Fees, Docket Entry No. 776, p. 2.

[13]See PEMEX Exploración y Producción's Opposition to Superior's Motions for Attorneys' Fees, Docket Entry No. 775; and PEMEX Exploración y Producción's Opposition to F&M's and RGV's Amended Motions for Attorneys' Fees, Docket Entry No. 778.

a Memorandum Opinion and Order ("Order") (Docket Entry No. 784) granting defendants' amended motions for attorneys' fees. The court's Order directed PEP to pay Superior Crude Gathering, Inc. and Jeff Kirby $701,068.25, and RGV Energy Partners, LLC and F&M Transportation, Inc. of $136,786.35, "within thirty (30) days from the entry of this Memorandum Opinion and Order."[14] The court's Order did not warn PEP that it could be held in contempt for failure to pay the award on time, and PEP did not appeal the court's Order.

## II. Analysis

Citing Federal Rule of Civil Procedure 70, "[d]efendants seek enforcement of the Order [directing PEP to pay their attorneys' fees] via Rule 70's contempt provision."[15] Asserting that "PEP has failed to make any payment whatsoever to any defendant,"[16] defendants argue that their application for civil contempt is necessary because PEP's counsel has not responded to inquiries regarding whether PEP will make the ordered payments.[17]

PEP responds that the court should deny Defendants' Joint Application because

---

[14]Memorandum Opinion and Order, Docket Entry No. 784, pp. 29-30.

[15]Defendants' Joint Application to Hold Plaintiff in Civil Contempt of Court ("Defendants' Joint Application"), Docket Entry NO. 787, p. 3 ¶ 5.

[16]Id. at 2 ¶ 2.

[17]Id.

[a]lthough the Court ordered PEP to pay the fees within 30 days of the order's entry, the order is a money judgment. Here, the fee order did not indicate that the Court contemplated enforcement by contempt, and Defendants' joint application to hold PEP in contempt does not show that this case meets an exception to Rule 69(a)'s general rule that a money judgment is enforceable by a writ of execution, not contempt proceedings.[18]

## A.  Applicable Law

Federal Rules of Civil Procedure 69 and 70 govern the enforcement of judgments in federal court. Rule 69(a) states that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located. . ." Fed. R. Civ. P. 69(a)(1). Rule 70 gives courts wider latitude in certain circumstances. "If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done--at the disobedient party's expense--by another person appointed by the court." Fed. R. Civ. P. 70(a). Rule 70 also allows courts to issue writs of attachment and to hold disobedient parties in contempt. Fed. R. Civ. P. 70(e). A finding of contempt is appropriate when a movant shows by clear and convincing evidence

---

[18]PEP's Response to Defendants' Joint Application to Hold Plaintiff in Civil Contempt of Court ("PEP's Response"), Docket Entry No. 791, pp. 1-2.

that (1) a court order was in effect, (2) the order required certain conduct by the respondent, and (3) the respondent failed to comply with the court's order. Whitcraft v. Brown, 570 F.3d 268, 271-72 (5th Cir. 2009) (citing Martin v. Trinity Industries, Inc., 959 F.2d 45, 47 (5th Cir. 1992)). See also Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392, 401 (5th Cir. 1987) ("The movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence [entitlement to relief].") (citing McComb v. Jacksonville Paper Co., 69 S. Ct. 497, 499 (1949)). Granting an application to hold a party in civil contempt is within the court's discretion. Martin, 959 F.2d at 46 (citing United States v. Sorrells, 877 F.2d 346, 348 (5th Cir. 1989)).

B.  **Application of the Law to the Undisputed Facts**

Citing Petroleos Mexicanos, 826 F.2d at 401, defendants argue:

> There is no dispute that the Court's Order is in effect at this time, which satisfies the first element. Regarding the second element, the Court's Order could not be clearer with respect to the action PEP must undertake — "pay defendants . . . within thirty (30) days from the entry of this [Order] . . ." Finally, regarding the third element, as evidenced by the affidavits attached hereto PEP has failed to comply with the Court's clear Order directing PEP to pay Defendants within those 30 days. Accordingly, having conclusively established all three elements for a finding of civil contempt, Defendants seek an order from the Court holding PEP in civil contempt.[19]

---

[19]Defendants' Joint Application, Docket Entry No. 787, p. 4 ¶ 7.

Defendants urge the court to fine PEP $250.00 per day per defendant until PEP pays them in full.[20] Defendants support their motion with affidavits from Jeff Kirby and Frank Del Angel stating that PEP has not made any payment to them or their companies, Superior Crude, RGV Energy, and F&M Transportation, as a result of the court's Order.[21] Defendants also cite the affidavit of F. Lee Butler, Superior Crude's lead attorney, and copies of emails attached thereto that he sent to PEP's counsel asking for PEP's response to the court's Order -- to which he received no response.[22]

1. <u>The December 31, 2015, Order is a Money Judgment</u>

Citing Federal Rule of Civil Procedure 54(a) and 28 U.S.C. § 1291, PEP argues that the December 31, 2015, Memorandum Opinion and Order is a "money judgment."[23] Rule 54(a) provides that "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Citing <u>Combs v. Ryan's Coal Company, Inc.</u>, 785 F.2d 970 (11th Cir.), <u>cert. denied sub nom Simmons v. Combs</u>, 107 S. Ct. 187 (1986), and <u>Shuffler v. Heritage Bank</u>, 720 F.2d 1141 (9th Cir. 1983), PEP

---

[20]<u>Id.</u> at 4 ¶ 8.

[21]Affidavit of Jeff Kirby and Affidavit of Frank Del Angel, Exhibits A and B, respectively, to Defendants' Joint Application, Docket Entry Nos. 787-1 and 787-2.

[22]Affidavit of F. Lee Butler, Exhibit C to Defendants' Joint Application, Docket Entry No. 787-3.

[23]PEP's Response, Docket Entry No. 791, pp. 4-5 ¶¶ 7-9.

argues that even though the court ordered PEP to pay the defendants within 30 days of the order's entry, the December 31, 2015, Order is a money judgment enforceable by a writ of execution, not contempt proceedings.[24] In Combs, 785 F.2d at 980, the Eleventh Circuit characterized a consent decree that called for installment payments by particular dates as a money judgment; and in Shuffler, 720 F.2d at 1147-48, the Ninth Circuit characterized a judgment "that ordered the Shufflers to pay $190,000 to Heritage by February 15, 1982" as a money judgment.

Citing In re Nalle Plastics Family Limited Partnership, 406 S.W.3d 168, 172-73 (Tex. 2013), defendants argue that the December 31, 2015, Order is not a money judgment because it awarded only attorneys' fees, not compensatory damages.[25] In that case the Texas Supreme Court observed that an award of attorneys' fees is "in the nature of a penalty, or punishment. . ." and held that "[w]hile attorneys' fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and never have been, damages." Id. at 173. Asserting that "an award of attorney's fees is a penalty or punishment is particularly true of the TTLA's fee shifting provision, which was enacted to punish theft, and, in this case, false accusations

---

[24]Id. at 4 ¶ 9.

[25]Defendants' Reply to Response to Joint Application to Hold Plaintiff in Civil Contempt of Court ("Defendants' Reply"), Docket Entry No. 792, pp. 3-4 ¶ 7.

thereof,"[26] defendants argue that "[t]he award at issue in this case is not a money judgment of damages but instead is a statutory sanction issued by the Court against PEP for failure to prevail on a claim asserted under the TTLA."[27]

The December 31, 2015, Memorandum Opinion and Order resulted from a procedure conducted pursuant to Rule 54(d)(2) after the proceedings on the merits had concluded.[28] The December 31, 2015, Memorandum Opinion and Order granted defendants' amended motions for attorneys' fees, and ordered PEP to pay defendants a certain sum of money under the TTLA's prevailing-party provision.[29] The December 31, 2015, Order directing PEP to pay defendants a sum certain was the court's final decision on the issue of attorneys' fees. The Order therefore was subject to appeal pursuant to 28 U.S.C. § 1291. See Shipes v. Trinity Industries, Inc., 883 F.2d 339, 341 (5th Cir. 1989) ("[T]reating a claim for attorney's fees as a distinct claim for relief under Rule 54(b), an order awarding attorney's fees may be considered final within the meaning of

---

[26] Id. at 4 ¶ 8.

[27] Id. at 7 ¶ 15.

[28] Memorandum Opinion and Order, Docket Entry No. 784, pp. 2-6, especially pp. 4-5 (stating that "Federal Rule of Civil Procedure 54(d)(2)(B) requires motions for recovery of attorneys' fees and related expenses to be filed no later than fourteen days after entry of judgment, unless a statute or court order provides otherwise.").

[29] Id. at 29-30 (citing Tex. Civ. Prac. & Rem. Code § 134.005(b)).

sec. 1291 . . . if it disposes finally of the attorney's fee question."). Because the December 31, 2015, Order directed PEP to pay defendants a certain sum of money, and because that order was subject to appeal, the court concludes that the December 31, 2015, Order is a "money judgment." See Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). See also Matter of Commonwealth Oil Refining Co., Inc., 805 F.2d 1175, 1186 (5th Cir. 1986) ("As traditionally understood, a money judgment 'need consist of only two elements: (1) an identification of the parties for and against whom judgment is being entered, and (2) a *definite* and *certain* designation of the amount which plaintiff is owed by defendant.").

2. Contempt Is Not Generally Available to Enforce a Money Judgment Issued by a Federal Court

Although the first sentence of Rule 69(a) appears to allow some flexibility in the availability of remedies beyond a writ of execution to enforce a money judgment, the Fifth Circuit has stated that "Rule 69(a)'s 'otherwise' clause is to be construed narrowly." Andrews v. Roadway Express Inc., 473 F.3d 565, 568-69 (5th Cir. 2006) (quoting Shuffler, 720 F.2d at 1147-48 ("[W]e do not interpret the exception to execution to permit a federal court to 'enforce a money judgment by . . . methods other than a writ of execution, except in cases where established principles so warrant.'" (citations omitted)). Courts in other jurisdictions have also construed Rule 69(a)'s "otherwise" language narrowly.

For example, in <u>Aetna Casualty & Surety Co. v. Markarian</u>, 114 F.3d 346, 349 (1st Cir. 1997), the First Circuit stated that Rule 69(a) "does not authorize enforcement of a civil money judgment by methods other than a writ of execution, except where 'well established principles [so] warrant.'" <u>Id.</u> (quoting 13 J. Moore, <u>Moore's Federal Practice</u> ¶ 69.02, at 69-5 (3d ed. 1997)). <u>See also</u> <u>Gabovitch v. Lundy</u>, 584 F.2d 559, 560 n.1 (1st Cir. 1978) ("Moreover, equitable remedies, even those permitted by Rule 70, are seldom appropriate aids to execution of a money judgment."). The First Circuit summarized the circumstances in which courts have allowed equitable remedies permitted by Rule 70 to enforce money judgments:

> One such situation is where an action for contempt has been instituted for failure to pay an obligation imposed by statute in order to enforce the public policies embodied in the statutory scheme. <u>See, e.g.</u>, <u>McComb v. Jacksonville Paper Co.</u>, 69 S. Ct. 497 [193-95] (1949) [Fair Labor Standards Act]. Another is where there has been a congressional determination to provide the government with the ability to seek a writ of <u>ne exeat</u> in furtherance of enforcing tax obligations. <u>See, e.g.</u>, 26 U.S.C. § 7402(a). A third is where the judgment is against a state which refuses to appropriate funds through the normal process provided by state law. <u>See, e.g.</u>, <u>Spain v. Mountanos</u>, 690 F.2d 742, 744-45 (9th Cir. 1982); <u>Gary W. v. Louisiana</u>, 622 F.2d 804, 806 (5th Cir. 1980). In contrast, the size of the award and the difficulties in enforcing the judgment due to the location of the assets and *the uncooperativeness of the judgment debtor* are not the types of extraordinary circumstances which warrant departure from the general rule that money judgments are enforced by means of writs of execution rather than by resort to the contempt power of the courts. <u>See</u> <u>Hilao [v. Estate of Marcos]</u>, 95 F.3d [848,] 855 [(9th Cir. 1996)].

<u>Markarian</u>, 114 F.3d at 349 n.4 (emphasis added).

Defendants point to some Fifth Circuit cases in which Rule 70 has been used to enforce money judgments in particularized circumstances: Leroy v. City of Houston, 906 F.2d 1068, 1085-86 (5th Cir. 1990) (invoking Rule 70 to compel compliance with a money judgment); Gates v. Collier, 616 F.2d 1268, 1271-72 (5th Cir. 1980) (holding Rule 70 is appropriate to enforce awards of attorney's fees against a judgment debtor who has not made payment); and Rousseau v. 3 Eagles Aviation, Inc., Civil Action No. 02-0208, 2006 WL 219992, * 1-2 (E.D. La. 2006) (holding that an order setting a deadline or specific time frame to pay a money judgment could be enforced through Rule 70). Defendants' reliance on these cases in support of their application for an order of contempt is misplaced because they are all factually distinguishable.

In Leroy plaintiffs pursuing voting-rights claims received an award of attorneys' fees, which they tried — unsuccessfully — to pursue through a writ of execution under Rule 69(a). Noting that the procedure for execution is governed by state law and that Texas law barred execution on assets owned by a city in its governmental character, the Fifth Circuit held that the "proper way to enforce a money judgment against a city is by mandamus" or by an order to pay under Rule 70. LeRoy, 906 F.2d at 1085-86. LeRoy is factually distinguishable because the judgment holders in this case have made no showing that they have made any effort to acquire a writ of execution in accordance with Rule 69(a), and because the judgment debtor is not a municipal government.

In Gates the State of Mississippi was found liable for unconstitutional practices at one of its prisons and, after extensive litigation, the district court ordered the state treasurer to satisfy a money judgment against the State for attorney's fees and costs. Gates, 616 F.2d at 1270. The state argued that, by its own law, it could not be ordered to satisfy the money judgment because it was only responsible for satisfying the judgment on a voluntary basis. Id. The Gates court held that Rule 70 could be used to order payment, where "[t]he defendants have made it abundantly clear that they intend to resist the judgment until the bitter end." Id. at 1271-72. Gates is factually distinguishable because the judgment debtor there was a state actor who argued that its own law prevented it from satisfying the money judgment at issue, and the judgment holders had produced evidence that persuaded the court the judgment debtor intended to "resist the judgment until the bitter end. Given such obstinance, we think it beyond peradventure that the remedy fits the wrong." Id. at 1272. Although PEP admits that it is "a foreign, public entity,"[30] defendants have made no showing that PEP is legally prevented from appropriating funds needed to pay the fee award against it in this case, or that PEP intends to resist the court's judgment until the bitter end. Instead, defendants have merely submitted a handful of unanswered emails. Defendants'

---

[30]PEP's Response, Docket Entry No. 791, p. 9 ¶ 20.

unanswered emails do not match the level of obstinance that persuaded the Gates court to conclude that the remedy of contempt fit the wrong at issue.

In Rousseau the court awarded attorneys' fees against Rousseau, a private party. When Rousseau failed to pay the award, 3 Eagles Aviation filed a motion for contempt. Because the award did not provide a date certain for payment, the court denied 3 Eagle Aviation's motion for contempt, but modified its original order directing Rousseau to pay the amount awarded by a date certain. Rousseau, 2006 WL 219992, *2. This case is factually distinguishable because the court added a date certain for payment in response to 3 Eagles Aviation's motion for contempt, thereby warning Rousseau that failure to make payment by that date could subject him to a finding of contempt. Rousseau is factually distinguishable from this case because the court there only ordered the judgment debtor to pay the attorneys' fee award by a date certain as a warning that failure to pay the award could subject him to an order of contempt. Rousseau is legally distinguishable because the court there neither discussed nor considered the distinction between Rules 69 and 70 or the case law discussing departure from Rule 69(a)'s general rule for enforcing money judgments by writ of execution.

       3.    The Record Does Not Support the Imposition of Contempt

Missing from defendants' briefing is any persuasive evidence or argument that the facts of this case satisfy an established

principle that would permit enforcement of the court's award of attorneys' fees and related costs via a contempt order issued pursuant to Rule 70 instead of a writ of execution pursuant to Rule 69(a). Taking an expansive view of the court's inherent contempt powers, defendants argue that PEP's refusal to pay the award turns this case into one of extraordinary circumstances. The court is not persuaded that the record supports a finding that exceptional circumstances support issuance of an order holding PEP in civil contempt. PEP may be an uncooperative judgment debtor, but defendants have failed to cite any authority indicating that uncooperativeness is sufficient to turn a case into one in which the remedies of Rule 70 are available.

### III.  Conclusions and Orders

For the reasons stated in § II, above, Defendants' Joint Application to Hold Plaintiff in Civil Contempt of Court (Docket Entry No. 787) is **DENIED**.

**SIGNED** at Houston, Texas, on this 12th day of August, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE